LENA STEIP AND ADAM STEIP v. EZRA K. SEGUINE ET AL.

Argued February 20, 1901—Decided June 10, 1901.

1. The declaration averred that the plaintiffs purchased of the defendants certain lands for the price and sum of $5,000, to be paid by the plaintiffs by the assumption by them of the amount due on a certain mortgage for $4,000 on the premises conveyed, together with the interest to accrue from and after January 20th, 1898. The declaration charged that the defendants produced a receipt in writing, made by the mortgagees, acknowledging the receipt of interest to and until the 20th day of January, 1898. The declaration then averred that the defendants wrongfully and injuriously contriving and intending to deceive, defraud and injure the plaintiffs, &c., falsely, fraudulently and deceitfully represented that there was then due and owing upon said mortgage the sum of $4,000, together with interest from January 20th, 1898. Then followed an averment that in fact the interest on the said mortgage of $4,000 had not been paid to and until the 20th of January, 1898, but was then and there in arrears from the 20th day of June, 1897, and that the receipt of the mortgagees, so shown by the defendants to the plaintiffs, was a false and fraudulent receipt, by means whereof, &c., the plaintiffs were compelled to expend and lay out a large sum of money in payment and discharge of said arrears of interest, &c., and certain costs and expenses arising in and about the proceedings had in the foreclosure of the said mortgage. *Held*, that the declaration disclosed a good cause of action.
2. As a matter of pleading, *fraudulenter* without *sciens*, or *sciens* without *fraudulenter*, is sufficient.
3. One cause of demurrer assigned was that the declaration avers that the defendant's wife had only a dower right in the premises. The declaration charges that she, as one of the defendants, made these representations, and that they were made falsely and fraudulently. As a matter of pleading, we think that is sufficient.
4. In a tort arising out of a contract of sale, all the parties to the sale are jointly liable, on the assumption that they all combined in the false and fraudulent representations that are charged.

In tort. On demurrer to declaration.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiffs, *Charles C. Kelly.*

For the defendants, *Ezra K. Seguine.*

PER CURIAM.

This was an action of tort. The declaration averred that the three defendants (Seguine and wife and Axford) were seized and possessed of certain lands situate in the city of Bayonne, which lands and real estate were encumbered by a mortgage, made by the defendants to the Equitable Life Assurance Society, to secure the sum of $4,000, bearing date March 1st, 1897; that the defendants being desirous of selling said real estate to the plaintiffs for the price and sum of $5,000, to be paid by the plaintiffs by the assumption by them of the amount due on said mortgage and the residue thereof in cash, that the defendants, on the 2d day of May, 1898, wrongfully and injuriously contriving and intending to deceive, defraud and injure the said plaintiffs in this behalf, then and there falsely, fraudulently and deceitfully represented and asserted to the said plaintiffs that there was then due and owing upon said mortgage the sum of $4,000, the principal thereof, together with the interest to accrue from and after January 20th, 1898, and that the said defendants had paid all interest that had accrued upon said mortgage to the said 20th of day of January, 1898, and then and there produced and showed to the plaintiffs a receipt, in writing, made by the mortgagees, acknowledging the receipt of interest to and until the said 20th day of January, 1898. Whereupon the said plaintiffs, confiding in said representations and assertions, &c., at the special instance and request of the defendants, bargained with them to buy of them the said lands and premises aforesaid, and to pay them therefor the said consideration of $5,000, to be paid by the assumption of the amount of the principal of said mortgage, with the interest thereon from the 20th day of January, 1898, amounting to the sum of $4,070, and the balance thereof in cash; and that thereupon, in pursuance of said agreement, the said defendants did afterwards, on the day and year aforesaid, make, execute and deliver their deed for the said lands and premises; and that the said plaintiffs, still relying and confiding in said false and fraudulent representations, &c., did accept the said deed of conveyance, and did pay as and for the consideration

thereof the sum of $5,000, by assuming the amount of principal of the said mortgage, with interest, &c., and did pay the remainder thereof, to wit, the sum of $930, to the defendants, who then and there accepted the same from the plaintiffs. Then follows an averment that, in truth and fact, the interest on the said mortgage of $4,000 covering and conveying the said lands and premises had not been paid to and until the 20th of January, 1898, but the same was then and there in arrears from the 20th day of June, 1897, less an application of a small sum of money, to wit, the sum of $12.50, thereon, and the receipt of the mortgagee so shown by the defendants to the plaintiffs was a false and fraudulent receipt, all which facts were well known to the said defendants; and that the said mortgage, at the time of said false and fraudulent representations, was in process of foreclosure for the non-payment of said interest, and that the same was not known to the said plaintiffs until a long time thereafter, to wit, on the 10th day of August, 1898, and after said property was advertised by the sheriff of the county of Hudson for sale under an execution issued in said foreclosure proceedings. By means whereof and by reason of said false and fraudulent representations so made by the defendants, the plaintiffs were compelled to expend and lay out, and did expend and lay out, a large sum of money in and about the payment and discharge of said arrears of interest, &c., and in and about the payment and discharge of certain costs and expenses arising in and about the proceedings had in the foreclosure of the said mortgage, &c.

To this declaration the defendants demurred, and assigned seventeen causes of demurrer.

This declaration, in all respects, conforms to precedents of actions for deceit. It charges that the defendants falsely, fraudulently and deceitfully represented to the said plaintiffs, &c. As a matter of pleading, *fraudulenter* without *sciens,* or *sciens* without *fraudulenter,* would be sufficient. *Cowley* v. *Smyth,* 17 *Vroom* 380, 384; *Eibel* v. *Von Fell,* 34 *Id.* 3. Chief Justice Magie, in delivering the opinion of the court in the case last referred to, uses this language: "The first

count in the declaration manifestly discloses a good cause of action. It charges that the plaintiffs, at the request of the defendants, bargained for the purchase from defendants of a lot, with a house upon it, for a certain price, and that the defendants, by falsely and fraudulently representing that the house was new, sold the premises to the plaintiffs for the proposed price, which was paid. Then follows an allegation that the house was, in fact, old and the timbers rotten. * * * The liability of defendants in such case is sufficiently and properly characterized in the pleading as arising upon a representation which was false and also fraudulent."

Another cause of demurrer assigned is that the declaration avers that Mrs. Seguine had only a dower right in the premises. The declaration charges that she, as one of the defendants, made these representations, and that they were made falsely and fraudulently. As a matter of pleading, we think that is sufficient. In a tort arising out of a contract for sale all the parties to the sale are jointly liable, on the assumption that they all combined in the false and fraudulent representations which were charged. That is the substance of this declaration.

The other causes of demurrer are so obviously frivolous that it is unnecessary to discuss them.

The demurrer is overruled.